IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC., <br><br>    Plaintiff, <br><br>           v. <br><br> BADA INTERNATIONAL, INC.; EDWARD S. PARK; and SUSAN C. PARK, <br><br>    Defendants. | Civil Action No. <br> 1:20-cv-00161-SDG |

## **ORDER**

This matter is before the Court on Plaintiff IOU Central, Inc.'s (IOU) motion for default judgment against Defendants BADA International, Inc.; Edward S. Park; and Susan C. Park [ECF 26]. For the following reasons, IOU's motion is **DENIED.**

## I.    BACKGROUND

IOU's Complaint is one of many similarly styled complaints filed by IOU in this District. Each complaint contains a litany of non-specific allegations against various defendants, claiming that the defendants made misrepresentations to IOU to secure loans, and then violated the loan agreements. IOU's apparent strategy in

these cases is to cast a broad net of claims against a variety of defendants in an effort to recover on the defaulted loans.[1]

In this case, IOU alleges that Defendants, acting in concert, fraudulently obtained a loan from IOU and then breached the terms of the loan agreement by failing to make payments.[2] Each Defendant was served and, on IOU's motion, the Clerk entered default against them.[3] On September 8, 2020, the Court entered an order directing IOU to show cause why the Court should not dismiss the suit for

---

[1]  IOU has employed this tactic in three other cases pending before this Court: *IOU Central, Inc. v. Christopher Ladd*, 1:20-cv-00112-SDG; *IOU Central, Inc. v. Straightline Commercial & Residential Coatings, Inc.*, 1:19-cv-04749-SDG; *IOU Central, Inc. v. Shaen Harrington, Inc.*, 1:20-cv-03910-SDG.

The Court is aware of at least three other cases that were filed in this District by IOU with substantially similar allegations. *IOU Cent., Inc. v. Big State Tire & Axle, Inc.*, No. 1:20-CV-00200-MHC, 2020 WL 6588742, at *9 (N.D. Ga. Oct. 8, 2020) (granting motion to dismiss and denying IOU's motion to strike motion to dismiss); *IOU Cent., Inc. v. Mason*, No. 1:19-CV-04202-LMM, 2020 WL 6865784, at *2 (N.D. Ga. July 7, 2020) (denying motion for final default judgment); *IOU Cent., Inc. v. Schmitz*, No. 1:20-CV-00007-ELR, 2020 WL 6882648, at *2 (N.D. Ga. June 10, 2020), *reconsideration denied*, 2020 WL 6876296 (Aug. 4, 2020) (granting motion to compel arbitration as to two defendants and dismissing claims against remaining defendants).

[2]  ECF 1, ¶ 22.

[3]  ECF 10.

want of prosecution.[4] In response to the Court's order, IOU filed its motion for default judgment.[5]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, a party seeking default must obtain a Clerk's entry of default pursuant to Rule 55(a) by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment."). Second, after the Clerk has made an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Beringer v. Hearshe, Kemp, LLC*, No. 1:10-cv-1399-WSD-ECS, 2011 WL 3444347, at *2 (N.D. Ga. Aug. 8, 2011) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)). An entry of a default by the Clerk, however, does not automatically warrant the

---

[4]    ECF 20.

[5]    ECF 26.

Court's entry of a default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, when considering a motion for the entry of a default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Functional Prod. Trading, S.A. v. JITC, LLC*, No. 1:12-cv-0355-WSD, 2014 WL 3749213, at *3 (N.D. Ga. July 29, 2014). *See also Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Beringer*, 2011 WL 3444347, at *2 (citing *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985)).

### III.   DISCUSSION

IOU is not entitled to a final default judgment because its Complaint is a shotgun pleading that fails to state a claim on which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Complaints that violate Rule 8(a)(2) are often disparagingly referred to as 'shotgun pleadings,' and cannot serve as an action's operative complaint." *IOU*

*Cent., Inc. v. Mason*, No. 1:19-CV-04202-LMM, 2020 WL 6865784, at *2 (N.D. Ga. July 7, 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)) (internal quotation marks omitted) (additional citations omitted). A "shotgun" pleading is one that "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

"The most common type" of shotgun pleading is one that "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1322. Another type of shotgun pleading is one "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "Shotgun pleadings are unacceptable for many reasons, but this case illustrates an important one: they result in unintelligible pleadings that violate the basic specificity requirements of Federal Rule of Civil Procedure 8(a)(2) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 (11th Cir. 2020).

IOU's Complaint is an improper shotgun pleading. First, the Complaint asserts several causes of action, "incorporating by reference the allegations of its predecessors [*i.e.*, predecessor counts], leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Weiland*, 792 F.3d at 1324 (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). For example, Count VII, which claims attorneys' fees, incorporates ¶¶ 1–39, 33–34, 44, 53, 59, 64, 70, and 76. Those paragraphs contain legal assertions within different counts demanding damages.[6]

Second, the Complaint fails to attribute allegations to specific Defendants, making it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). IOU attempts to impose liability on each Defendant by stating:

> All Defendants are jointly and severally liable for the Loan, evidenced by the Instruments *per their fulfillment of at least one of the below events*; which:
>
> (a). Operate as and constitute a joint racketing [sic] and/or other enterprise and/or acted as agents for each

---

[6] ECF 1, ¶ 77.

>other such as applying for the Loan and obtaining the Funds;
>
>(b). Operate as and/or are a partnership, for their same, related business; share/comingle their receipt or right to receive a share of profits of the business; whose principals are the individual Defendants, partners in the business; who participate in or have a right to participate in control of the business; agreed to share and/or shared their business losses or liability for claims by third parties against the business; agreed to contribute or contributed money or property to their business, such as the Funds, to acquire assets and personnel for their business and/or related business assets; and/or
>
>(c). Defendants owned/operated BADA as their alter-ego, disregarding it as a separate entity, using it as a conduit/instrumentality for their personal affairs like obtaining the Funds and avoiding payment of the Loan, share and co-mingle their assets, finances, ownership and offices.
>
>(d). BADA lacks an existence separate from Defendants per their unified interest or ownership, their mere subterfuge to avoid payment of IOU's debt, which should be justly disregarded, with full liability for damages and relief imposed upon them.
>
>(e). Defendants assumed liability for the debts and other liabilities at issue, the Loan and the claims in this case.[7]

The Complaint fails to clarify which Defendant is responsible for which harm, and, therefore, is deficient under Fed. R. Civ. P. 8(a)(2).

---

[7] *Id.* ¶ 21 (emphasis added).

In addition to failing the specificity requirements of the Federal Rules of Civil Procedure, IOU's Complaint also fails to state a claim upon which relief can be granted. Even accepting the allegations in the Complaint as true, pleadings "must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). The Complaint is egregiously deficient. It fails to allege a single fact, aside from the existence of the loan agreement, in support of IOU's claims. The Complaint rests entirely on legal conclusions, such as the allegation that "Defendants did and/or conspired to make false/misleading representations or omissions of material fact to IOU through ESP, who negligently, knowingly misrepresented and/or failed to disclose to IOU (a) their intent and/or ability to perform the Instruments, which they did not intend to and/or could not perform, such as repaying the Funds; (b) sought the Loan to benefit themselves at IOU's expense," without specifying a single statement that served as a misrepresentation.[8] As IOU fails to allege any facts in support of its claims, the Court cannot grant default judgment in IOU's favor.

---

[8]   *Id.* ¶ 36. The Court further notes that the Complaint also fails to plead its allegations of fraud with particularity as required by Fed. R. Civ. P. 9(b).

## IV.  CONCLUSION

For the foregoing reasons, IOU's Motion for Default Judgment [ECF 26] is **DENIED without prejudice**. IOU is **DIRECTED** to amend its Complaint within **14 days** of entry of this Order and to serve a copy of the amended pleading on each Defendant consistent with Fed. R. Civ. P. 5.

If IOU fails to file an Amended Complaint in compliance with this Order and the Federal Rules of Civil Procedure, this matter will be dismissed with prejudice. The Clerk is **INSTRUCTED** to resubmit this Order to the undersigned in 14 days.

**SO ORDERED** this the 19th day of January 2021.

Steven D. Grimberg
United States District Court Judge