IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC : | |
| : | |
| Plaintiff, : | |
| vs. : | |
| : | CASE NO. 1:20-cv-00161-SDG |
| BADA INTERNATIONAL, INC. : | |
| d/b/a CHUNG HO USA OR SIMPLY : | |
| PURE AMERICA, : | |
| EDWARD S. PARK A/K/A : | |
| EDWARD SUK PARK, : | |
| SUSAN C. PARK, : | |
| : | |
| Defendants : | |

## **AMENDED COMPLAINT**

Plaintiff IOU sues the Defendants as follows:

1.      Plaintiff IOU is incorporated in Delaware, whose principal place of Business is located in Georgia, a citizen of both states per 28 U.S.C. §1332.

2.      Defendants Edward S. Park [ESP] and Susan C. Park [SCP] are domiciled in and citizens of California per §1332.

3.      Defendant BADA [Business] is incorporated in California, the location of its principal place of Business, of which it is a citizen per §1332.

4.      Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as damages, fees and interest. ***Jones v. Landry***, 387 F.2d 102 (5th

Cir. 1967), **_Cohen v. Office_**, 204 F.3d 10717 (11th Cir. 2000), **_Groves v. Rogers_**, 547 F.2d 900 (5th Cir. 1977), **_Ryan v. State Farm_**, 934 F.2d 276 (11th Cir. 1991), **_Holley v. Credit_**, 821 F.2d 1531 (11th Cir. 1987) IOU's relief is valued in excess of $76,000.00. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

5. Per O.C.G.A. § 9-10-90 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants who transact Business in Georgia, personally or through ESP and Business, borrowing money from IOU in Georgia, performance of which was continually due in Georgia, repeatedly consented to Georgia jurisdiction and venue per the Loan, from which they derive revenue, or who intended to injure IOU in Georgia, where they are subject to liability. The Court is obliged to enforce the forum clauses in the Loan. **_Atlantic Marine Const. v. U.S. Dist. Court for W. Dist. of Tex_**., 571 U.S. 49, 60, (2013).

6. Under 28 U.S.C. § 1391 and § 90, venue is proper as the Defendants reside in this District; and/or a substantial part of the events or omissions giving rise to the claims occurred here; and/or the property at issue is located in this District; and/or consented to this venue.

7. On 7/18/19, ESP submitted a Loan Application to IOU's Georgia office website, for a commercial loan [Loan] for Business, for alleged investment capital

for its dental appliance and service business, which SESP conducted with them.

8. ESP sought the Loan on behalf of all Defendants who knew of, benefitted from, consented to and ultimately ratified the Loan.

9. ESP called IOU's Georgia staff confirming the information in the Application/Loan Documents, of which he, Business and SCP knew, benefitted, consented and ratified by ultimately obtaining the Loan Funds.

10. On 7/19/19, [Closing Date] ESP executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $166,500.00, at IOU's Georgia office website, in exchange for its Funds, with a loan guaranty fee, confirming all information, consenting to Georgia law and jurisdiction, of which all Defendants benefitted, consented and ratified, by obtaining the Funds.

11. The Note is in default if (i) any amount due pursuant to the Note is not received by IOU when due; (ii) Business breaches any warranty, representation, covenant, term or condition of the Note; (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business and not dismissed within 30 days; (iii) BUSINESS ceases to exist; or (iv) obtains another loan during the term of the Loan without IOU's prior written permission [Note ¶ 6].

12. The Note provides for unconditional payment of the debt and a waiver of all defenses, aside from the defense of payment in full [Note ¶ 13-14].

13. The Note includes a Security Agreement, by which Defendants recipients of the Funds, encumbered and/or intended to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants consented, benefitted and ratified.

14. On the Closing Date, ESP electronically executed a Guaranty of the Note, at IOU's Georgia office website, guaranteeing the Note and Security Agreement, who received and personally benefitted from the Funds and again agreed to Georgia jurisdiction and law in the Guaranty of which Defendants knew, to which they consented, benefitted and ratified as co-guarantors.

15. The Guaranty provides for enforcement against ESP if Business defaults on its obligations on the Note and ESP fails to satisfy them, which are enforceable against ESP's successors and assigns, to which SESP consented, benefitted and ratified as ESP's successors and/or assigns [Guaranty ¶1-3].

16. Per the Guaranty, ESP granted and/or intended to grant the same security interest in his property to guaranty the Note/Security Agreement, who received and personally benefitted from the Funds and again agreed to Georgia law

and jurisdiction in the Guaranty, to which SCP consented, benefitted and ratified by obtaining the Loan Funds through him.

17. On the Closing Date, ESP executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU's Georgia office, certifying its purpose and their account information, of which ESP, BL, RVL and BUSINESS consented, benefitted and ratified.

18. On the Closing Date, ESP approved disbursement of the Funds, by IOU, of which all Defendants knew, consented, benefitted and ratified.

19. On the Closing Date, Defendants received the Funds by wire from IOU's account to their account, of which they benefitted and ratified.

20. IOU intended its Loan as the senior interest in all property, assets and proceeds of the recipients of the Funds, namely all Defendants, to be repaid the Funds, which would not have otherwise advanced the Funds per the Guaranty, Note, Security and Debit Agreements [Instruments].

21. Defendants breached the Instruments shortly after their receipt of the Funds of which they knew, benefitted, consented and ratified.

22. Defendants did not intend to or could not repay the Funds, which they did not disclose to IOU, who were agents of each other on the Loan.

23. Defendants knew of their intended unwillingness, and/or inability to repay the Loan, prior to and after origination of the Loan.

24. Defendants are jointly and severally liable for the Loan, per their joint fulfillment of at least one of the below events:

(a) Defendants were an enterprise and agents for each other such as applying for the Loan, executing the Instruments, and obtaining the Funds and their subsequent misconduct; and

(b) ESP and SCP operated as and/or were a partnership, for Business, shared/co-mingled their receipt or right to receive a share of profits of Business; of which they are the principals or partners; participated in or have a right to participate in control of Business, agreed to share and/or shared their Business losses or liability for claims by third parties against Business; agreed to contribute/contributed money or property to Business, such as the Funds, to acquire assets and personnel for their Business; and/or

(c) ESP and SCP conducted Business as their alter-ego, disregarding it as a separate entity, using it as a conduit/instrumentality for their personal affairs like obtaining the Funds and avoiding payment of the Loan, share and co-mingle their assets, finances, ownership and offices.

(d) ESP and SCP lack an existence separate from Business per their unified interest or ownership, a subterfuge to avoid payment of IOU's debt, which should be justly disregarded, with full liability imposed upon them.

(e) ESP and SCP assumed joint liability for the debts and other liabilities of Business including those at issue here, who are IOU's debtors.

25. IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including the following properties owned by the Defendants.

(a) Any UUC-1 by IOU on the Loan, or other notice, to which all other property, assets, proceeds and interests of the Defendants are subject.

(b) Any other property, asset or proceeds deriving from IOU's loan.

26. Defendants made or conspired to make inequitable, false or misleading misrepresentations or material omissions to induce IOU into the Loan, who lied about or failed to disclose to IOU (a) their lack of intent or inability to satisfy the Loan per its rapid default, (b) IOU would not have loaned the Funds if these facts were disclosed (c) IOU justifiably and reasonably relied on the misrepresentations or omissions of Defendants as honest and accurate throughout the Loan process, in the Instruments, and after the Closing, inducing and causing IOU to close the Loan and wire the Funds to them, which was damaged as a result of their misconduct.

27. IOU held and/or owned the Instruments and Claims at issue [Claims] and had standing to enforce them before commencing suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees and pre-maturity date interest per law and their terms.

28. IOU held and/or owned the defaulted Instruments and Claims at issue and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

29. Defendants jointly induced or encouraged IOU to confer the Funds on them per the defaulted Instruments, which they did not intend to satisfy or could not satisfy, of which they benefitted, consented and ratified.

30. IOU provided the Funds to Defendants, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

31. Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

32. Defendants are indebted to IOU on the Instruments, with fees and charges of which their property, assets and proceeds are secured.

33. Defendants are liable for each other's acts and omissions as partners, servants, agents, successors, by command, in prosecution of, within their relationship, by which they jointly benefitted and/or ratified.

34. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

### COUNT I: DECLARATORY, EQUITABLE AND RELATED RELIEF AS TO ALL DEFENDANTS

35. ¶¶ 1-34 are incorporated.

36. Defendants are jointly liable for the Funds, whose property, assets and proceeds, such as the above ones, are subject to the Instruments, procured by their conspiracy but seek to wrongfully evade the Loan.

37. Defendants conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive Plaintiff into closing its Loan just with ESP and Busines which they never intended to repay and/or could not repay, who consented to, benefitted and ratified the Loan in obtaining the Funds.

38. IOU actually and justifiably relied upon the false representations or omissions of Defendants in not having them execute the Instruments and subject their property, assets and proceeds to the Security Instrument.

39. The misrepresentations or omissions of material fact of Defendants were calculated by them to deceive IOU, a prudent lender, to illegally obtain and

use the Funds, which they would otherwise lack, from which they consented, benefitted and ratified as shown above.

40. IOU was injured by the misconduct of Defendants, which reasonably relied on their acts and/or omissions in approving and funding the Loan, without the Instruments executed by all of them, their properties, assets and proceeds, which IOU would not have otherwise approved.

41. The Instruments are intended to bind all recipients and beneficiaries of the Funds, such as Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, such as receiving and retaining the Funds.

42. The Instruments are intended as and constitute a security interest in all property, proceeds and assets of Defendants reasonably identified and described them as collateral, of which they knew, consented, benefitted and ratified, for which equitable relief will not prejudice them. Defendants

43. All Defendants were accidentally, mistakenly and/or wrongfully omitted from the Instruments, contrary to their intended purpose, which they consented, benefitted and ratified, but now seek to evade.

44. The omission of all Defendants in the Instruments unjustly impedes their enforcement, whose property, assets and proceeds will not be completely secured per their misconduct, for which IOU has no adequate legal remedy.

45. The misconduct of Defendants requires inclusion of them, their property, assets and proceeds from the Instruments, who induced IOU to make the Loan, to which they are subject.

46. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. §§ 23-2-25, 23-2-50 and applicable law, IOU requests the Court declare, establish and reform its Instruments to bind Defendants, who are jointly liable for the Loan, a security interest in their property, assets and proceeds, and grant all just relief.

47. Alternatively, IOU demands judgment as to Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief.

## COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO DEFENDANTS

48. ¶¶ 1-34 are incorporated.

49. Defendants consented to, benefitted from and ratified the Instruments, accepting the Funds, for which they are liable as co-guarantors.

50. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

51. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

52. Per O.C.G.A. § 13-1-11, Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who are indebted for IOU's fees/costs, unless all principal, interest and other charges due per the Instruments are paid in 10 days after service of this Complaint.

53. IOU demands judgment against Defendants for damages under the the Instruments in the principal sum of at least $76,000.00, fees, interest, and costs and grant all just relief.

## COUNT III QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO SCP

54. ¶¶ 1-34 are incorporated.

55. SCP induced and/or encouraged IOU to confer the Funds on her through ESP, per the Instruments, of which she benefitted, consented and ratified.

56. IOU provided the Funds to SCP and/or through her agent ESP, expecting repayment, which she appreciated, benefitted, consented and ratified.

57. SCP accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense, which has no adequate remedy.

58. SCP is indebted to IOU for the Funds.

59. Per O.C.G.A. § 9-2-7 and applicable law, IOU demands judgment against SCP for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and grant all just relief.

**COUNT IV: EQUITABLE LIEN/EQUITABLE MORTGAGE
AND RELATED RELIEF AS TO ALL DEFENDANTS**

60. ¶¶ 1-34 are incorporated.

61. The property, assets and proceeds of Defendants, such as the Property, were to secure the Loan, per its terms, who knew, benefitted, consented to and ratified the Loan and/or received and benefitted from the Funds but seek to wrongfully preclude its performance.

62. All Defendants, their property, assets and proceeds are subject to the Instruments, which they seek to evade, such as the Deed of Trust on the Property.

63. Defendants inequitably or fraudulently induced IOU to provide the Funds and enter into the Loan, without intending to satisfy the debt, satisfaction of which they have wrongfully precluded.

64. Defendants knew of, accepted and retained the Funds as a secured debt, and wrongfully retained their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

65. An equitable lien and/or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, such as the

Property, to which the Deed of Trust is subject and/or invalid, to remedy their misconduct and breach of fiduciary duty and to avert unjustly enriching them.

66. IOU requests the Court declare and impose an equitable lien and/or mortgage on all property, assets and proceeds of the Defendants, securing its Instruments, relating back to their execution and grant all just relief.

### COUNT V: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO ALL DEFENDANTS

67. ¶¶ 1-34 are incorporated.

68. The property, assets and proceeds of Defendants were to secure the Loan, who knew, benefitted, consented to and ratified the Loan and/or received and benefitted from the Funds but wrongfully preclude its performance

69. All Defendants, their property, assets and proceeds are subject to the Instruments, which they seek to evade, such as the Deed of Trust on the Property.

70. Defendants inequitably or fraudulently induced IOU to provide the Funds and enter into the Loan, without intending to satisfy the debt, satisfaction of which they have wrongfully precluded.

71. Defendants knew of, accepted and retained the Funds as a secured debt, and wrongfully retained their property, assets and proceeds, absent IOU's intended secured interest in them for which IOU has no adequate remedy.

72. A constructive trust to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, to remedy their misconduct and avert unjustly enriching them in which they can enjoy no beneficial interest.

73. IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of the Defendants, securing its Instruments, relating back to their execution and grant all just relief.

## COUNT VI: ATTORNEY'S FEES AND RELATED RELIEF AS TO DEFENDANTS

74. ¶¶ 1-34 are incorporated.

75. Defendants acted in bad faith by their misconduct, refusing to resolve these matters, requiring IOU to bring the action and incur costs and fees.

76. Defendants were stubbornly litigious as there was no dispute of their liability to IOU, put to unnecessary trouble/expense to bring suit.

77. Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment against the Defendants for fees, costs and just relief, not otherwise granted.

78. The individual Defendants are not minor(s) or incompetent; not in the military for the last 30 days; not subject to protection per 50 U.S.C. §3901 *et seq*.

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF and mailed by First Class Mail on 2/2/21 to Defendants to the addresses on their returns [Docs 7-9].

Respectfully submitted this 2nd day of February 2021.

> By: */s/Paul G. Wersant*
> Paul G. Wersant, Georgia Bar No. 748341
> 3245 Peachtree Parkway, Suite D-245,
> Suwanee, Georgia 30024
> Telephone: (678) 264-2358
> Email: pwersant@gmail.com
> Attorney for Plaintiff
> File No. 134396